UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DARRELL W. JACKSON,

       Plaintiff,

v.                               Case No. 2:11-cv-00390

NICHOLAS COUNTY SHERIFF'S
DEPARTMENT,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On June 2, 2011, the plaintiff filed a letter-form complaint concerning an incident involving Nicholas County Sheriff's deputies on April 21, 2011 (ECF No. 2). His version of the incident states as follows:

> I was at Rodney Jackson's residence, Hutchison Branch Rd, Gilboa, WV, changing a tire. The Nicholas County Sheriff's Department pulled into the residence's driveway; officer related that he had a search warrant for Rodney Jackson's residence. I said "give me a second, and I will get out of your way." Approximately seven officers surrounded me immediately; grabbed me, shackled me; forced me to the ground. They then proceeded to beat me on the temple of the facial area, threw me into the car; sprayed me with ma[c]e. The officers went directly to my truck and started to search it, and it was not on the search warrant. After the search of my truck they left me in the cruiser, went on with their search of Rodney's residence. Brought Rodney out, handcuffed and shackled and put him in the same cruiser.
>
> Some of the officers went through my truck, pulling out papers throwing them on the truck floor; and then opened the hood and pulled out wires. The legal search warrant was approximately 30 minutes; at which time Rodney and I were still in the cruiser, handcuffed and shackled. I was hurting; my eyes were swelling; then we were taken to the Nicholas Co. Courthouse. Before I was taken out of the cruiser an officer twisted my head to the right and was hitting me in the face and on the head. Officer said, "Come on out here, you Pussy, we are going to take you out back and

> kill you." They then took me into the holding cell; processed me and took me to CRJ [Central Regional Jail]; along with Rodney Jackson. I was never told why I was taken, searched, nor transported. At CRJ I was informed I was interfering with officers. I was under a truck changing a tire when they arrived. I was not interfering with any officer.

*Id.* He attached copies of medical records dated April 22, 2011. The medical records indicate that the plaintiff told Summersville Regional Medical Center personnel that he was "assaulted by county police." *Id.* at 2. He complained of redness in his left eye, periorbital swelling, tenderness to his face, and right rib pain. *Id.* The hand-written notes are mostly illegible.

His Application to Proceed without prepayment of fees and costs (ECF No. 1) was granted (ECF No. 5); a summons was issued and served.

On June 24, 2011, the plaintiff wrote a letter to the court, requesting appointment of counsel (ECF No. 8); he attached to the letter a "notice to appear" at a status conference at the Nicholas County Magistrate Court, relating to a charge of "obstructing," Case No. 11M-752.

On July 12, 2011, the defendant filed its answer (ECF No. 9), and the undersigned set a status conference to take place on July 27, 2011 (ECF No. 10). At the status conference, at which the plaintiff appeared in person, the court advised him of the requirements of being a *pro se* litigant (ECF No. 11). He stated that he had talked to "50 or more lawyers," but no one agreed to represent him. The plaintiff stated that he wanted to sue the officers involved in the incident as well as the department. *Id.* Counsel for the defendant agreed to provide informal discovery of police reports and any audio and/or videotape of the incident. *Id.* The plaintiff was instructed to obtain a civil rights form complaint from the Clerk's office and to complete the form as an "amended complaint." *Id.* An order was entered on July 28, 2011 (ECF No. 12), which set an

2

August 10 deadline for production of discovery, and an August 29, 2011 deadline for the plaintiff to file his amended complaint.

On August 29, 2011, the plaintiff sent to the Clerk a duplicate copy of the original letter-form complaint which he filed on June 2, 2011 (ECF No. 13).  He did not use the civil rights form complaint; he did not name any individual officers.

By letter dated August 19, 2011, the plaintiff complained that he had not received audio/video reports (ECF No. 15).  By letters dated August 9 and 18 (ECF No. 16), counsel for the defendant provided discovery to the plaintiff: (a) obstructing file No. 2011-N0301; (b) booking photographs; (c) arrest report; (d) Unit 221 April 20 and 21, 2011 audio files; (e) Nicholas County Sheriff Department Officers Daily Report; and (f) Nicholas/Clay 911 Detail Call Sheet.  A letter dated August 19 stated specifically that the plaintiff had received all the audio and visual information that the defendant had been able to locate.  *Id.*

On October 13, 2011, the plaintiff wrote a letter to the Clerk which he labeled: "AMENDMENT."  He wrote, "I have been advised to submit an amendment to the Clerk's Office.  There have been some on-going prejudicial issues with the Nicholas County Sheriff Dept.  I would like to see them all loose [sic] their jobs.  I am asking for $20,000,000, and a new pickup."  (ECF No. 17).

On November 1, 2011, the defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted (ECF No. 19), and memorandum in support (ECF No. 20).  By Order filed November 2, 2011, the plaintiff was directed to file his response to the motion by November 18, 2011 (ECF No. 21).  The only document filed by the plaintiff was a copy of a prior letter in which he wrote that he had not received audio and video tapes, and a copy of his "Amendment" (ECF No. 22).

3

The defendant argues that the "Amendment" found at ECF No. 17 should be considered to be an amended complaint which fails to meet the standards of Federal Rule of Civil Procedure 8.  The undersigned declines to consider the "Amendment" as the operative statement of the plaintiff's claim.  As a *pro se* litigant, the court is bound to read his documents liberally.  However, for other reasons, the undersigned believes that this case should be dismissed with prejudice.

The plaintiff has failed to comply with any direction which the court has given him.  He did not file a civil rights form complaint against individual officers, despite his statement that he wanted to do so, and his receipt of discovery material which contained their names.  His "Amendment" was filed approximately six weeks after the deadline set by the court.  He has not filed a response to the defendant's motion to dismiss, despite being ordered to do so.

The only defendant in the original letter-form complaint is the Nicholas County Sheriff's Department.  Reading the original complaint liberally, it appears that the plaintiff alleges that Nicholas County Deputy Sheriffs violated his civil rights during the course of their execution of a search warrant at the residence of Rodney Jackson.  The undersigned assumes that the plaintiff intended his suit to be an action brought pursuant to 42 U.S.C. § 1983.

Section 1983 provides a statutory remedy for the deprivation of constitutional rights by any person acting under color of state law.  *Collins v. City of Harker Heights, TX*, 112 U.S. 115, 120 (1992).  A lawsuit against a governmental entity (such as the Sheriff's Department), and not against an individual employee of that entity (such as a named Deputy Sheriff), is analyzed as if it were brought against the county itself.  *See Kentucky v. Graham*, 472 U.S. 159, 163 (1985).

4

A local government cannot be sued under 42 U.S.C. § 1983 for injuries caused by its employees or agents unless it is the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" that causes the injury. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). "To state a cause of action against a municipality, a section 1983 plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." *Pettiford v. City of Greensboro*, 556 F. Supp.2d 512, 530 (M.D.N.C. 2008) (citing *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994)). Municipal policy can be found in (1) written ordinances and regulations, (2) affirmative decisions of policymaking officials, or (3) omissions by policymaking officials "that manifest deliberate indifference to the rights of citizens." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A municipal custom may arise "if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *Id.* (quoting *Monell*, 436 U.S. at 691).

The plaintiff has failed to allege that Nicholas County had any official policy or custom which it adopted or condoned and which caused the injuries alleged by the plaintiff. The plaintiff was obviously charged with obstructing officers as they were executing the search warrant. The court has no information as to the disposition of that charge, although the court will assume that it was dismissed. The plaintiff has been given several opportunities to name the individual deputies and has failed to do so. The plaintiff has contacted many lawyers who have refused to represent him. The plaintiff has repeatedly failed to comply with orders entered by the court. For all of these

reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's letter-form complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that this case be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to the plaintiff, and to transmit it to counsel of record.


<u>December 7, 2011</u>

Mary E. Stanley
United States Magistrate Judge