IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DARRELL W. JACKSON,

        Plaintiff,

v.                                        CIVIL ACTION NO.   2:11-cv-00390

NICHOLAS COUNTY SHERIFF'S
DEPARTMENT,

        Defendant.

**ORDER**

      This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1) (2002).  On December 7, 2011, the Magistrate Judge submitted findings of fact and recommended that this court grant the defendant's motion to dismiss.  On December 10, 2011, the plaintiff sent a letter to the court making a broad general objection to the Magistrate Judge's findings.

      Section 636(b)(1) provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1) (2002).  On its face, section 636(b)(1) does not require any review at all, by either the district court or the court of appeals, of any issue that has not been made the subject of an objection.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).   When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error

by the magistrate judge, de novo review is unnecessary. *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997). A litigant who makes only vague objections to the magistrate's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Id.* Such a general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id.* (citing *Mercado v. Perez Vega*, 853 F. Supp. 42, 44 (D.P.R.1993)).

In this case, plaintiff's objection to the Magistrate Judge's findings and recommendations constitutes a short letter stating "I am writing to request an objection against the Nicholas County Sherriff Department on everything that they had requested." The letter goes on to re-state the plaintiff's factual allegations, but does not address any of the magistrate judge's reasons for recommending the case be dismissed. Because the letter does not address any specific error by the Magistrate Judge, the court **FINDS** that a de novo review is not required. Accordingly, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **DISMISSES** the plaintiff's complaint with prejudice, and **DIRECTS** this action to be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     February 1, 2012

                              Joseph R. Goodwin, Chief Judge